## J. E. Isgrigg v. D. C. Coleman.

1. PRACTICE—*Case Should be Passed by the Court Where Counsel is Actually Engaged in Another Court.*—Under rule 6 of the Superior Court a case should be passed or continued by the court where the principal solicitor of a party is actually engaged in the trial of a cause in some other court of record in Cook county at the time the case is called for trial, if satisfied by affidavit or otherwise that the party seeking the delay would have been ready for trial but for the engagement of his solicitor.

**Appeal** from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Reversed and remanded. Opinion filed April 28, 1903.

JOHN M. HESS, attorney for appellant.

ROBERT W. CAMPION, attorney for appellee.

OPINION PER CURIAM:

This cause went to the Superior Court upon appeal from a justice of the peace who had rendered judgment against appellant. The case pending on such appeal was called for trial on the coming in of the Superior Court November 22, 1901, and dismissed because of the absence of appellant's attorney. There is an affidavit showing an apparently good defense upon the merits.

It sufficiently appears from the affidavit of an apparently disinterested party and other undisputed evidence, that appellant's attorney was actually engaged in another cause on trial in the Criminal Court the day when the appeal in this case was dismissed, and that appellee's attorney was cognizant of the fact. There is evidence further that the latter had agreed to represent the facts to the Superior Court if this case should be called that day, and that he failed to do so. The cause should have been passed under the rules of the Superior Court. While diligence must and should be enforced by the trial courts, appellee is not entitled to profit by conduct such as appears in this case. The judgment must be reversed and the cause remanded.